UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK          Civil Action No.
X------------------------------------------------------------X
JONATHAN YEE

                     Plaintiffs,

  - against -          **COMPLAINT**

ERAN PALATNICK and SLIDECLOUD, LLC

                    Defendants.
X------------------------------------------------------------X

    Plaintiff JONATHAN YEE by and through his attorney, PAUL J. SOLDA, ESQ., an attorney duly admitted to practice in the State of New York and before the US District Court, S.D.N.Y., alleges the following:

    1. This is an action by a United States citizen against a domestic business limited liability company and an individual member thereof - and is brought to remedy deprivations arising out of breach of fiduciary duty, fraud, inter alia and seeks compensatory damages, dissolution and other appropriate legal and equitable relief.

## JURISDICTION

    2. Plaintiff is a citizen of the State of New Jersey, residing at 25 Hemlock Road, Livingston, NJ 07039.

    3. Defendant ERAN PALATNICK ("EP") is, upon information and belief, a citizen of the State of Connecticut, residing at 51 Judds Bridge Road, Roxbury CT, 06783.

    4. Defendant SLIDECLOUD LLC was, upon information and belief, formed in the State of New York on or about April 1, 2015 and operated at 3900 Greystone Avenue, Bronx, NY 10463.

5. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. §1332 ($75,000.00).

6. Jurisdiction is accordingly founded on diversity of citizenship and is proper pursuant to 28 U.S.C. §§1331, 1332 and 1343.

7. As the original domicile of the subject defendant SLIDECLOUD LLC was within New York, venue is accordingly proper.

## PARTIES AND FACT BACKGROUND

6. Plaintiff JONATHAN YEE, a New Jersey resident was and is a member of Defendant SLIDECLOUD LLC.

7. Defendant EP, a Connecticut resident, was and is a member of Defendant SLIDECLOUD LLC.

8. Defendant SLIDECLOUD LLC (" SC LLC") was formed at the sole direction of both Plaintiff and Defendant EP and operated in the County of Bronx, NY.

9. SC LLC was formed in order to design, manufacture and market high end sunglasses for sale to the general public effectuated primarily through the Internet.

10. Plaintiff and Defendant EP executed a certain Operating Agreement for SC LLC on or about April 1, 2015, making equivalent capital contributions and allocating membership shares evenly (50% - 50%) amongst themselves.

11. Plaintiff's responsibilities focused mainly on growth, scale and marketing aspects of the business while Defendant EP assumed the responsibilities for management and finance.

12. At the close of year 2016, SC LLC's operations were exceeding forecasts and earning

annual revenue in excess of $300,000 and over the next several years averaged approximately $475,000.00.

13. At some point in year 2017, EP began to embark on an agenda driven at concealment of the actual revenues of the business and as part of his scheme - began awarding himself unjustified compensation and charging the business excessive personal expenses - all without Plaintiff's knowledge or approval.

14. In 2018, Plaintiff began demanding that EP disclose the detail of his expenses and the financial records of SC LLC - but EP refused to do so and prevented Plaintiff from gaining access to said records.

15. At or about that point in time, Plaintiff began suspecting that EP was also transferring assets and monies of SC LLC to outside personal accounts of EP as well as diverting purchase orders and other business opportunities to other entities belonging solely to EP - including a business entitled "Tango Optics".

16. That during this time, Defendant EP also manipulated the company's Amazon account and effectively froze Plaintiff out from access thereon, preventing him from measuring sales and refining marketing efforts.

17. That Defendant EP thereafter closed the SC LLC account associated with Amazon, diverting all revenue to an unknown account owned solely by EP.

18. That Defendant EP failed disclose other transactional matters of the business and, upon information and belief, diverted inventory to other entities solely owned by EP.

19. That throughout this time period, Defendant EP also mismanaged the company by running high credit account balances, failing to maintain adequate inventories and concealing to Plaintiff the

realities of such conditions.

## AS AND FOR A FIRST CAUSE OF ACTION
(Breach fiduciary duty)

20. Plaintiff repeats and re-alleges the allegations contained in paragraphs "1" through "19 " as if more fully set forth below and further alleges that a fiduciary relationship existed which gave rise to a duty of loyalty on the part of Defendant EP to Plaintiff.

21. That an obligation existed on the part of Defendant EP to act in the best interests of Plaintiff and for him to act in good faith in any matter relating to Plaintiff

22. That despite these obligations, Defendant EP advanced his own interests to the detriment of Plaintiff.

23. That by virtue of Defendant EP's position as the chief financial officer of SC LLC, EP owed to the company and its other member - the duty to exercise due care and diligence in the management and administration of the affairs of the company and to preserve its property and assets.

24. That pursuant to SC LLC's Operating Agreement, the member managing finances is responsible to disclose the gross receipts, disbursements and unpaid liabilities to each member. Balance sheets and P & L statements are to be disclosed quarterly and an annual report with a statement of the capital accounts of each member - must also be distributed.

25. That in the discharge Defendant EP's duties, he was required to exercise reasonable and prudent supervision over the management, policies and financial affairs of SC LLC and to ensure that the company issued truthful statements about its financial condition and to otherwise manage the company in a fair, just and equitable manner and to act in the best interests for it and its other members.

26. That these obligations of due care and diligence required that Plaintiff remain informed as to how the company conducted its operations; and that EP insure the providence of the policies undertaken by the company; and that he make reasonable investigation, upon receiving notice or information of a problematic condition, decision or practice and take steps to correct same; and that he conduct the affairs of the company in an efficient and businesslike manner so as to ensure the highest quality performance and to maximize the profits to its members.

27. That Defendant EP, in reality, abdicated these obligations and as a consequence - breached his duties of loyalty, good faith and due care to the company and Plaintiff.

28. That throughout this time period, Defendant EP awarded himself exorbitant personal expenses which he in turn charged the company over the past five years including, but not limited to personal merchandise, travel, dining and car expenses.

29. That Defendant EP accordingly violated the Operating Agreement of SC LLC.

30. That by reason of the foregoing, Plaintiff has sustained damages and continues to sustain damages which have been proximately caused by Defendant EP's breaches of his fiduciary duties and that such damages have accrued in the minimal sum of $10,000,000.

## AS AND FOR A SECOND CAUSE OF ACTION
(Fraud)

31. Plaintiff repeats and re-alleges the allegations contained in paragraphs "1" through "30" as if more fully set forth herein and further alleges that Defendant EP's acts were calculating and deliberate.

32. That Defendant EP breached his fiduciary duty of disclosure by stating or causing to

misrepresent materially misleading facts concerning the corporations financial and operating condition.

33. That in or about April/May 2019, Defendant EP transferred approximately $28,200 to a third-party bank account (#2532 sic) without the consent and approval of Plaintiff.

34. That in or about April/July 2019, Defendant EP withdrew approximately $13,851.48 from the SC LLC Capital One bank account, without the consent of Plaintiff and without noting same on the books and records of SC LLC.

35. That in or about September, 2019, Defendant EP withdrew $10,000 from SC LLC purportedly as a "personal distribution" and did so without the consent and approval of Plaintiff.

36. That Plaintiff verily believes that Defendant EP has improperly secreted other substantial cash assets belonging to SC LLC and has also unjustifiably withdrawn additional monies without the consent of Plaintiff and without properly accounting same within the books and records of SC LLC.

37. That as such, Defendant EP undertook to profit personally from his position by engaging in such misconduct and by using the company to fund his own personal agendas and as a consequence – committed waste and embezzled SC LLC's assets.

38. That Defendant EP knowingly concealed and/or misreported these facts and nonetheless made them knowing them to be untrue and as such attempted to gain an unfair advantage over Plaintiff by employing acts of bad faith, deceit and misrepresentation.

39. That the Plaintiff challenged EP on numerous occasions and demanded proper accounting of the financial affairs of SC LLC - but EP refused.

40. That in so doing, Defendant EP deliberately prevented Plaintiff from fulfilling his right to receive just compensation from the company.

41. That as a consequence of Defendants' misrepresentations made early on, EP induced Plaintiff to remain idle and not challenge his financial mismanagement.

42. That upon information and belief, SC LLC has been rendered essentially defunct at the sole hands of Defendant EP.

43. As a consequence, Plaintiff has been damaged, and continues to be damaged, in the minimal sum of $10,000,000.00.

### AS AND FOR A THIRD CAUSE OF ACTION
(conversion)

44. Plaintiff repeats and re-alleges the allegations contained in paragraphs "1" through "43" as if more fully set forth herein and further alleges that Defendant EP has taken possession of a substantial portion of the liquid assets of SC LLC as well as its business records, inventory, work orders, memoranda and other proprietary information.

45. While and equitable accounting will determine the totality of Defendant EP's conversions, it is known at this time, upon information and belief, that EP converted the following:

>During year 2018 , the approximate sum of  $25,000.00;
>During year 2019 the approximate sum of $52,051.00;
>During year 2020, the approximate sum of  $45,000.00

46. That in addition, certain distribution payments allegedly made to Plaintiff were either not delivered or were far less than reasonable and accurate.

47. That in so doing, Defendant EP knowingly and purposely retained same to the exclusion of the rights of Plaintiff.

48. Defendant EP never intended to pay the reasonable value of same.

49. That, as a consequence, Defendant EP converted said goods for his own personal use and enjoyment and was unjustly enriched therefrom.

50. That Plaintiff was accordingly damaged in the minimum sum of $122,051.00 - but may be further liable (after an accounting), forasmuch as $5,000,000.00.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Accounting)

51. Plaintiff repeats and re-alleges the allegations contained in paragraphs "1" through "50" as if more fully set forth herein and further alleges that having entered into such a business relationship, a close degree of trust and reliance to use reasonable care to impart correct information was expected.

52. That accordingly a fiduciary duty was owed by the Defendant EP as managing member to the Plaintiff.

53. That in accordance with SC LLC's Operating Agreement, Defendant EP is obligated to disclose all gross receipts, disbursements, balance sheets, P& L statements and that a verifiable annual report must be distributed.

54. That Plaintiff demanded such accounting on numerous occasions beginning in or about December, 2018 and prior to commencing the within litigation - including demand made through his attorney on November 8, 2021.

55. That Plaintiff has always accounted to Defendant EP Plaintiffs expensing to SC LLC.

56. That notwithstanding, Defendant EP has wholly refused to account.

57. That Plaintiff is entitled to all corporate records pursuant to its statutory right emanating

from Limited Liability Company Law 1102 , as well as its contractual right pursuant to the SC LLC Operating Agreement and an equitable right pursuant to common law.

58. That by reason of the foregoing, there is a necessity for a judicially compelled accounting to determine the amounts due to the Plaintiff and the Court should accordingly appoint a referee as well as issue other orders as may be just and equitable.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Constructive trust)

59. Plaintiff repeats and re-alleges the allegations contained in paragraphs "1" through "58" as if more fully set forth herein and further alleges that Defendant EP disregarded the degree of trust and obligation to use reasonable care to impart correct information to Plaintiff.

60. That Plaintiff accordingly relied upon the information generated by Defendant EP.

61. That the information imparted by Defendant EP has, in fact, been incorrect and that he has taken advantage of the confidential relationship previously created and as such has defrauded Plaintiff, all while looting SC LLC for his pecuniary interests.

62. By virtue of said misconduct, Defendant EP has been unjustly enriched.

63. That Plaintiff has established that he is an equitable owner of the subject company and particularly maintains a right to share equally its true assets and as such - a constructive trust should be enforced on property of Defendant EP.

64. Accordingly as EP may be a holder in legal title to certain assets/property, he shall not, in good conscience, retain the beneficial interest to same and equity should convert them in trust.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Dissolution)

65. Plaintiff repeats and re-alleges the allegations contained in paragraphs "1" through "64" as if more fully set forth herein and further alleges that Defendant EP has, in fact, acted in a fraudulent and oppressive manner while conducting the business of SC LLC.

66. That as a consequence of such oppressive misconduct, which was occasioned to the detriment of Plaintiff - liquidation and *dissolution* of SC LLC is the only feasible means for Plaintiff to obtain a fair return on his investment.

67. That liquidation and dissolution is reasonably necessary for the protection of Plaintiffs rights.

68. That as a consequence, the Court should appoint a referee and issue orders of judicial dissolution of SC LLC as may be just and equitable.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Attorneys fees)

69. Plaintiff repeats and re-alleges the allegations contained in paragraphs "1" through "68" as if more fully set forth herein and further alleges that the Operating Agreement of Defendant SC LLC provides for re-payment of attorney's fees if the party against whom such award may be entered has caused the dispute, controversy or claim as a dilatory tactic or in bad faith.

70. That on or about November 8, 2021, counsel for Plaintiff propounded upon Defendant EP a claim letter memorandum and demand for an accounting and despite repeated attempts thereafter - EP failed to respond.

71. That indeed, Defendant EP has caused the within dispute and controversy and did so as a further dilatory tactic and/or was done so in bad faith.

72. That the claims here are just and complete with merit and as a consequence, Plaintiff anticipates judgment in his favor and that a viable claim for repayment of all reasonable attorneys fees incurred during the course of this litigation will accordingly be due.

73. Accordingly, Plaintiff demands an order for reasonable attorneys fees in a sum not presently calculable.

**WHEREFORE,** Plaintiff demands judgement against the Defendants as follows:

1. With regard to Plaintiffs First Cause of Action, in a sum not presently calculable - but in a minimal sum of $10,000,000.00 - together with the appropriate interest thereon.

2. With regard to Plaintiffs Second Cause of Action, in a sum not presently calculable - but in a minimal sum of $10,000,000.00 - together with the appropriate interest thereon.

3. With regards to Plaintiffs Third Cause of Action, in a sum not presently calculable but in a minimal sum of $122,051.00;
or in the anticipated sum of $5,000,000.00 - together with the appropriate interest thereon.

4. With regards to Plaintiffs Fourth Cause of Action, issuance of an order directing an *accounting* of Defendant SC LLC and such other and further relief as may be just and proper.

5. With regards to Plaintiffs Fifth Cause of Action, imposition of a *constructive trust* upon Defendant EP's property and such other and further relief as may be just and proper.

6. With regard to Plaintiffs Sixth Cause of Action, an order of *dissolution* of Defendant SC LLC and such other and further relief as may be just and proper.

7. With regard to Plaintiffs Seventh Cause of Action, an award of reasonable *attorneys fees* in favor of Plaintiff and such other and further relief as may be just and proper.

Dated: New York, New York
       February 22, 2022

                                              Yours, etc.,

                                              *Paul J. Solda*

                                              Paul J. Solda, Esq. (PS0557)
                                              (Attorney for Plaintiff)
                                              One Grand Central Place
                                              60 East 42nd Street, 46th Floor
                                              New York, New York 10165
                                              212.967.3393
                                              ps@soldalaw.com

                                              To:

JONATHAN YEE  v. ERAN PALATNICK, SLIDECLOUD LLC